GARWOOD, Circuit Judge,
concurring in part and dissenting in part:
I concur in all the able majority opinion (including but not limited to its holding that the ALJ was not obligated to apply section 910(b)) except only the holding that the ALJ did not reversibly err by basing his computation of Hall’s earning capacity solely on his average yearly income from 1983 to 1990 without including any of his earnings during the some ten weeks in 1991 when he worked as a painter and sandblaster for CESI prior to his injury. While the 1991 earnings may indeed have been atypical, that, it seems to me, is taken care of by averaging back to 1983. Moreover, the 1991 earnings not only represented Hall’s longest continuous employment during the period since 1983, but were also the most closely related to the injury in time and type of employment. In my view, the ALJ’s decision in this one respect is properly characterized as being an abuse of discretion, unsupported by substantial evidence, and arbitrary and capricious.